# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.  25-cr-331-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  BRAWINS DOMINIQUE SUAREZ VILLEGAS,
     a/k/a "Chino San Vicente," and
2.  GIOVANNI VICENTE MOSQUERA SERRANO,
     a/k/a "Jovani San Vicente," a/k/a "El Viejo"

      Defendants.

---

## INDICTMENT

---

The Grand Jury charges:

### The Enterprise:  Tren de Aragua ("TdA")

1.     That at all times material to this Indictment, the defendants, BRAWINS DOMINIQUE SUAREZ VILLEGAS, a/k/a "Chino San Vicente," and GIOVANNI VICENTE MOSQUERA SERRANO, a/k/a "Jovani San Vicente," a/k/a "El Viejo," and others known and unknown to the grand jury, were members and associates of Tren de Aragua ("TdA").  Tren de Aragua, literally "train from Aragua," is a transnational criminal organization that emerged in Venezuela in the mid-2000's, before expanding throughout Latin America and into the United States.  TdA operated throughout the United States, including in Colorado, Texas, New York, New Mexico, Florida, as well as internationally in Venezuela, Colombia, Peru, and elsewhere.  Members and associates of TdA engaged

in, among other activities, robberies, kidnappings, extortions, interstate transportation of

stolen property, money laundering, drug trafficking and importation, and illegal gun

possession.

2.    Tren de Aragua, including its leaders, members, and associates, constituted an

"enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group

of individuals associated in fact, although not a legal entity, that engaged in, and the

activities of which affected, interstate and foreign commerce.  TdA constituted an

ongoing organization whose members and associates functioned as a continuing unit for a

common purpose of achieving the objectives of TdA.

3.    The defendants, BRAWINS DOMINIQUE SUAREZ VILLEGAS, a/k/a "Chino San

Vicente," and GIOVANNI VICENTE MOSQUERA SERRANO, a/k/a "Jovani San

Vicente," a/k/a "El Viejo," were members and associates of TdA and participated in

unlawful and other activities in furtherance of the conduct of TdA's affairs.

4.    The defendants, BRAWINS DOMINIQUE SUAREZ VILLEGAS, a/k/a "Chino San

Vicente," and GIOVANNI VICENTE MOSQUERA SERRANO, a/k/a "Jovani San

Vicente," a/k/a "El Viejo," were senior leaders of TdA.  SUAREZ VILLEGAS and

MOSQUERA SERRANO oversaw TdA criminal operations across Colombia, South

America, Central America, and the United States.  As leaders of TdA, MOSQUERA

SERRANO and SUAREZ VILLEGAS, while outside the United States, approved and

authorized the acts of violence detailed herein in the United States, including the robbery

of approximately $4,000,000 from a jewelry store in Denver, Colorado in June 2024.

SUAREZ VILLEGAS and MOSQUERA SERRANO also approved and directed that

2

proceeds from robberies be transported, laundered, and transmitted to enrich the leadership of TdA located outside the United States.

5.      Additionally, the defendant, BRAWINS DOMINIQUE SUAREZ VILLEGAS, a/k/a "Chino San Vicente," approved the kidnapping, disfigurement, and extortion of a victim ("Victim-1") by TdA members in Denver, Colorado in October 2024.  During the kidnapping, Victim-1 was, among other things, beaten, tortured, and held at gunpoint for over 48 hours.  When Victim-1's family refused to pay a ransom of $30,000, TdA members cut off one of Victim-1's fingers, and SUAREZ VILLEGAS ordered that Victim-1 be killed.  Ultimately, Victim-1 was able to escape and survived the kidnapping and extortion.

## Purposes of the Tren de Aragua Enterprise

6.      The purposes of the Tren de Aragua enterprise include, but are not limited to, the following:

    a.   Preserving and protecting the power and territory of TdA and its members and associates through acts involving robbery, kidnapping, extortion, other acts of violence, illegal gun possession, and threats of violence;

    b.   Enriching the members and associates of TdA through, among other things, (i) the trafficking and importation of controlled substances, including cocaine and a mixed substance called "tusi" that contains ketamine; (ii) armed robberies; (iii) kidnappings and extortion; (iv) interstate transportation of stolen property; and (v) money laundering;

    c.   Keeping victims and potential victims in fear of TdA and its members and associates through threats and acts of violence;

d.  Promoting and enhancing TdA and the reputation and activities of its members and associates;

e.  Providing assistance to members and associates of TdA who committed crimes for and on behalf of TdA, such as lodging and interstate transportation for members and associates of TdA to flee prosecution; and

f.  Protecting TdA and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation, threats, and violence against potential witnesses to crimes committed by members of TdA.

**Means and Methods of the Tren de Aragua Enterprise**

7.  Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the enterprise were the following:

a.  Members and associates of TdA committed and conspired, attempted, and threatened to commit, acts of violence, including acts involving robbery, extortion, and kidnapping;

b.  Members and associates of TdA distributed and possessed with intent to distribute controlled substances, including cocaine and a mixed substance called "tusi" that contains ketamine and other controlled substances;

c.  Members and associates of TdA committed robberies of commercial establishments, including jewelry stores;

d.  Members and associates of TdA committed kidnappings and engaged in extortion of victims and their families;

4

e.  Members and associates of TdA laundered the proceeds of their criminal activities by engaging in interstate transportation of stolen property and transmitting proceeds of criminal activities through financial institutions;

f.  Members and associates of TdA obtained, possessed, trafficked, and used firearms and ammunition;

g.  Members and associates of TdA promoted the enterprise on social media platforms;

h.  Members and associates of TdA attended meetings where, among other things, criminal activity was discussed;

i.  Members and associates of TdA employed and used terminology and symbols, to demonstrate affiliation with the enterprise.

## COUNT 1

### (Racketeering Conspiracy)

8.  Paragraphs 1 through 7 are re-alleged and incorporated by reference as though set forth fully herein.

9.  From a time unknown but not later than in or around May 2024, through in or around March 2025, in the State and District of Colorado and elsewhere, the defendants, BRAWINS DOMINIQUE SUAREZ VILLEGAS, a/k/a "Chino San Vicente," and GIOVANNI VICENTE MOSQUERA SERRANO, a/k/a "Jovani San Vicente," a/k/a "El Viejo," together with others known and unknown to the Grand Jury, being persons employed by and associated with TdA, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States

Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the

conduct of the affairs of TdA through a pattern of racketeering activity, as defined in

Title 18, United States Code, Sections 1961(1) and 1961(5), which pattern of

racketeering activity consisted of:

       a.     Multiple acts involving:

       (i)     robbery, chargeable under the following provisions of state law: Colorado Revised Statutes, Sections 18-4-301 and 302 (robbery), 18-2-201 (conspiracy), 18-2-101 (attempt), and 18-2-201 (aiding and abetting);

       (ii)     extortion, chargeable under the following provisions of state law: Colorado Revised Statutes, Sections 18-3-207 (extortion), 18-2-201 (conspiracy), 18-2-101 (attempt), and 18-2-201 (aiding and abetting);

       (iii)     kidnapping, chargeable under the following provisions of state law: Colorado Revised Statutes, Sections 18-3-301, 302, and 303 (kidnapping), 18-2-201 (conspiracy), 18-2-101 (attempt), and 18-2-201 (aiding and abetting);

       b.     multiple acts indictable under:

       (i)     Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

       (ii)     Title 18, United States Code, Section 2314 (interstate transportation of stolen property) and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

       (iii)     Title 18, United States Code, Sections 1956 and 1957 (money laundering); and

c.      multiple offenses involving the distribution of controlled substances, including cocaine and ketamine, chargeable under Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute), 846 (conspiracy), 959 and 960 (importation), 963 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing).

10.     It was a part of the conspiracy that the defendants, BRAWINS DOMINIQUE SUAREZ VILLEGAS, a/k/a "Chino San Vicente," and GIOVANNI VICENTE MOSQUERA SERRANO, a/k/a "Jovani San Vicente," a/k/a "El Viejo," together with others known and unknown to the Grand Jury, agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of TdA.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT 2

### (Conspiracy to Commit Hobbs Act Robbery)

11.     From a time unknown but not later than on or about June 18, 2024, through on or about June 28, 2024, in the State and District of Colorado, the defendants, BRAWINS DOMINIQUE SUAREZ VILLEGAS, a/k/a "Chino San Vicente," and GIOVANNI VICENTE MOSQUERA SERRANO, a/k/a "Jovani San Vicente," a/k/a "El Viejo," together with others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree with each other, to unlawfully obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce by means of robbery, as that term is defined by 18 U.S.C. § 1951(b)(1), in that on or about the aforesaid date, the defendants and others agreed to unlawfully take and obtain jewelry in the presence of

7

employees of two jewelry stores located in Denver, Colorado ("Victim Company-1" and "Victim Company-2") against their will by means of actual and threatened physical force, violence, and fear of injury to any person, in violation of Title 18, United States Code, Section 1951(a), there being interdependence among the members of the conspiracy.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 3

### (Hobbs Act Robbery – June 21, 2024)

12.    That at all times material to this Indictment, Victim Company-1, a jewelry store located in Denver, Colorado, was engaged in interstate commerce and an industry which affects interstate commerce.

13.    On or about June 21, 2024, in the State and District of Colorado, the defendants, BRAWINS DOMINIQUE SUAREZ VILLEGAS, a/k/a "Chino San Vicente," and GIOVANNI VICENTE MOSQUERA SERRANO, a/k/a "Jovani San Vicente," a/k/a "El Viejo," did knowingly and unlawfully obstruct, delay, and affect commerce as defined in 18 U.S.C. § 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery as defined in 18 U.S.C. § 1951(b)(1), in that the defendants and others did unlawfully take and obtain jewelry in the presence of an employee of Victim Company-1 against their will by means of actual and threatened physical force, violence, and fear of injury to any person, and did aid, abet, counsel, command, induce, and procure the same.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

8

## COUNT 4

### (Firearms Offense – June 21, 2024)

14.    On or about June 21, 2024, in the State and District of Colorado, the defendants,

BRAWINS DOMINIQUE SUAREZ VILLEGAS, a/k/a "Chino San Vicente," and

GIOVANNI VICENTE MOSQUERA SERRANO, a/k/a "Jovani San Vicente," a/k/a "El

Viejo," did knowingly use, carry, brandish, and discharge a firearm during and in relation

to a crime of violence for which they may be prosecuted in a court of the United States,

to wit: Hobbs Act Robbery, as set forth in Count 3 above, and did aid, abet, counsel,

command, induce, and procure the same.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT 5

### (Hobbs Act Robbery – June 24, 2024)

15.    That at all times material to this Indictment, Victim Company-2, a jewelry store located

in Denver, Colorado, was engaged in interstate commerce and an industry which affects

interstate commerce.

16.    On or about June 24, 2024, in the State and District of Colorado, the defendants,

BRAWINS DOMINIQUE SUAREZ VILLEGAS, a/k/a "Chino San Vicente," and

GIOVANNI VICENTE MOSQUERA SERRANO, a/k/a "Jovani San Vicente," a/k/a "El

Viejo," did knowingly and unlawfully obstruct, delay, and affect commerce as defined in

18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by

robbery as defined in 18 U.S.C. § 1951(b)(1), in that the defendants and others did

unlawfully take and obtain jewelry in the presence of an employee of Victim Company-2

9

against their will by means of actual and threatened physical force, violence, and fear of

injury to any person, and did aid, abet, counsel, command, induce, and procure the same.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT 6

### (Firearms Offense – June 24, 2024)

17.    On or about June 24, 2024, in the State and District of Colorado, the defendants,

BRAWINS DOMINIQUE SUAREZ VILLEGAS, a/k/a "Chino San Vicente," and

GIOVANNI VICENTE MOSQUERA SERRANO, a/k/a "Jovani San Vicente," a/k/a "El

Viejo," did knowingly use, carry, and brandish a firearm during and in relation to a crime

of violence for which they may be prosecuted in a court of the United States, to wit:

Hobbs Act Robbery, as set forth in Count 5 above, and did aid, abet, counsel, command,

induce, and procure the same.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

## COUNT 7

### (Conspiracy to Commit Kidnapping)

18.    From a time unknown but not later than on or about October 16, 2024, through on or

about October 17, 2024, in the State and District of Colorado, the defendant, BRAWINS

DOMINIQUE SUAREZ VILLEGAS, a/k/a "Chino San Vicente," together with others

known and unknown to the Grand Jury, did knowingly combine, conspire, confederate

and agree with each other, to commit Kidnapping, in violation of Title 18, United States

Code, Section 1201(a)(1), there being interdependence among the members of the

conspiracy.

10

19.     It was a part and an objective of the conspiracy that the defendant, BRAWINS

        DOMINQUE SUAREZ VILLEGAS, a/k/a "Chino San Vicente," together with others

        known and unknown to the Grand Jury, would unlawfully seize, confine, kidnap, abduct,

        and hold for ransom, the victim, Victim-1, and, in committing and in furtherance of the

        commission of the offense, used a cellular telephone, a means, facility, and

        instrumentality of interstate and foreign commerce.

                                        *Overt Acts*

20.     In furtherance of the conspiracy and to effect the illegal object thereof, the following

        overt acts, among others, were committed in the District of Colorado and elsewhere:

        a.  From a time unknown but not later than on or about October 16, 2024, through on

            or about October 17, 2024, the defendant, BRAWINS DOMINIQUE SUAREZ

            VILLEGAS, a/k/a "Chino San Vicente," directed and approved the torture and

            disfigurement of Victim-1 to secure a ransom from Victim-1's family.

        b.  From a time unknown but not later than on or about October 16, 2024, through on

            or about October 17, 2024, SUAREZ VILLEGAS directed others known and

            unknown to the grand jury to cut off one of Victim-1's fingers when Victim-1's

            family failed to pay a $30,000 ransom for the safe release of Victim-1.

        c.  From a time unknown but not later than on or about October 16, 2024, through on

            or about October 17, 2024, SUAREZ VILLEGAS and others known and

            unknown to the Grand Jury extorted and threatened to harm and kill Victim-1 if

            Victim-1's family did not pay a ransom.

        All in violation of Title 18, United States Code, Section 1201(c).

                                            11

## COUNT 8

### (Kidnapping)

21. Beginning on or about October 16, 2024 through on or about October 17, 2024, in the

State and District of Colorado, the defendant, BRAWINS DOMINIQUE SUAREZ

VILLEGAS, a/k/a "Chino San Vicente," did unlawfully seize, confine, kidnap, abduct,

and hold for ransom, the victim, Victim-1, and, in committing and in furtherance of the

commission of the offense, used a cellular telephone, a means, facility, and

instrumentality of interstate and foreign commerce and did aid, abet, counsel, command,

induce, and procure the same..

All in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT 9

### (Cyberstalking)

22. Beginning on or about October 16, 2024 through on or about October 17, 2024, in the

State and District of Colorado, the defendant, BRAWINS DOMINIQUE SUAREZ

VILLEGAS, a/k/a "Chino San Vicente," with the intent to kill, injure, harass, intimidate,

and place under surveillance with intent to kill, injure, harass, and intimidate, the victim,

Victim-1, used an interactive computer service and electronic communication service and

electronic communication system of interstate commerce, and another facility of

interstate and foreign commerce, to engage in a course of conduct that placed that person

in reasonable fear of the death of and serious bodily injury to a person, and that caused,

attempted to cause, and was reasonably expected to cause substantial emotional distress

to that person, and aided and abetted the same, which resulted in permanent

12

disfigurement and serious bodily injury to the victim and involved an offender using a

dangerous weapon during the offense and did aid, abet, counsel, command, induce, and

procure the same.

All in violation of Title 18, United States Code, Sections 2261(b)(1)-(3), 2261A(2)(A)

and (B), and 2.

## COUNT 10

### (Firearms Offense)

23.     On or about October 16, 2024, in the State and District of Colorado, the defendant,

BRAWINS DOMINIQUE SUAREZ VILLEGAS, a/k/a "Chino San Vicente," did

knowingly use, carry, and brandish a firearm during and in relation to a crime of violence

for which he may be prosecuted in a court of the United States, to wit: Cyberstalking, as

set forth in Count 9 above, and did aid, abet, counsel, command, induce, and procure the

same.

24.     All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 10 of this Indictment are hereby re-alleged

and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of

Title 18, United States Code, Sections 981(a)(1)(C), 924(d), and Title 28, United States Code,

Section 2461(c).

1.      Upon conviction of any of the allegations in Counts 1 through 10 of this

Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States

Code, Section 981(a)(1)(C), 924(d), and Title 28, United States Code, Section 2461(c), any and

all of the defendant's right, title and interest in all property constituting and derived from any

13

proceeds the defendants obtained directly and indirectly as a result of such offenses, including,

but not limited to, a money judgment in the amount of proceeds obtained by the defendants.

2.      If any of the property described above, as a result of any act or omission of the

defendants:

- a)      cannot be located upon the exercise of due diligence;
- b)      has been transferred or sold to, or deposited with, a third party;
- c)      has been placed beyond the jurisdiction of the Court;
- d)      has been substantially diminished in value; or
- e)      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

property of said defendants up to the value of the forfeitable property.


A TRUE BILL:


*Ink Signature on File in Clerk's Office*
FOREPERSON



PETER MCNEILLY
United States Attorney

*/s Leah Perczak*_____
LEAH PERCZAK
Special Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0403
E-mail: leah.perczak@usdoj.gov
Attorney for the United States


14

JACOB WARREN
CHRISTOPHER EASON
Co-Directors, Joint Task Force Vulcan


 /s/
ANDREW K. CHAN
JAMES KELLER
Trial Attorneys
Joint Task Force Vulcan
Telephone: (212) 637-1072 / (202) 806-6308
Email: andrew.chan@usdoj.gov / james.keller@usdoj.gov

15